# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OLLEN D. FARELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-07-001-KEW |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Ollen D. Farell (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on August 5, 1952 and was 53 years old at the time of the ALJ's decision. He completed his education through the tenth grade. Claimant previously worked as a truck driver and warehouse worker. Claimant alleges an inability to work beginning December 31, 2002 due to diabetes mellitus, pancreatitis, and heart problems.

### Procedural History

On August 4, 2003, Claimant protectively filed for disability

benefits under Title II of the Social Security Act (42 U.S.C. § 401, *et seq.*) and for supplemental security income under Title XVI (42 U.S.C. § 1381, *et seq.*). Claimant's applications for benefits were both denied initially and upon reconsideration. On March 9, 2006, Claimant appeared at a hearing before ALJ Lance K. Hiltbrand in Ardmore, Oklahoma. By decision dated May 18, 2006, the ALJ found Claimant was not disabled at any time through the date of the decision. On September 18, 2006, the Appeals Council denied Claimant's request for review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step four of the sequential evaluation. He found Claimant retained the residual functional capacity ("RFC") to return to his past relevant work as a truck driver and warehouse worker.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error requiring reversal in (1) failing to discuss probative evidence and disregarding the impairment based upon material mischaracterizations of the record; and (2) improperly discrediting Claimant's subjective complaints.

**Alleged Failure to Consider Significantly Probative Evidence**

Claimant contends the ALJ failed to consider probative

evidence contained in the record and mischaracterized other evidence in rejecting that which conflicted with his conclusions. As a result, Claimant asserts the ALJ's decision is not supported by substantial evidence.

Claimant first contends the ALJ's failure to find he suffers from a mental impairment is not supported by substantial evidence. On June 17, 1999, Claimant reported having been treated in a hospital for psychological or emotional problems. (Tr. 256). A record from August 21, 1999 indicates Claimant was taking Wellbutrin for depression and that the condition was controlled. (Tr. 247). On November 16, 1999, medical records indicate Claimant was taking 100 mg of Wellbutrin. (Tr. 243). On March 3, 2000, Claimant was diagnosed with depression by Dr. Kimberly Porter. Claimant continued on Wellbutrin for the condition. (Tr. 223-225). On April 5, 2000, Claimant began taking Paxil for treatment of depression. (Tr. 221). A March 20, 2001 visit to a Veteran's Administration facility in Oklahoma City, Oklahoma resulted in an increased dosage of Paxil. (Tr. 231-232). Claimant continued on a regular regimen of Paxil for control of his depression through February of 2006. (Tr. 149, 154, 157, 160, 162, 178, 180, 182, 199, 311, 314, 341, 356, 366-67).

On December 9, 2003, Claimant was referred to Dr. R. Keith Green, a clinical psychologist for evaluation. Dr. Green found

Claimant's affect was bland, his mood mildly despondent but cooperative. Claimant told Dr. Green he had been taking antidepressants for the past eight years, Paxil of late. (Tr. 145-146). Dr. Green states in his report that Claimant displayed difficulty with concentration, numerical reasoning, and mental control, as well as with abstract reasoning and arithmetic reasoning. He found Claimant "attends, persists, seemingly works at an adequate pace, and is able to retain and carry out simple, detailed and more complex instructions," but cannot handle his own finances responsibly. (Tr. 146-147). Dr. Green's ultimate diagnosis was at Axis I: Depressive Disorder NOS; Axis II: No diagnosis; Axis III: Diabetes, Pancreatitis, Heart Condition (by history). (Tr. 147). Dr. Green also concludes his report by stating:

> Comprehensive Psychodiagnostic testing and acquisition of complete background records would be recommended as an independent means of corroborating the . . . diagnostic impressions, which are based solely upon the patient's clinical presentation and reported complaints and history.
>
> (Tr. 147).

In his decision, the ALJ found repeatedly that Claimant's "'active outpatient medications' shown on March 22, 2005, and date's (sic) prior thereto, did not include any antidepressants or other psychotropic medications" or noted a lack of indications in the record that Claimant was prescribed such medications. (Tr. 28-

6

31). As provided above, these statements are incorrect. Claimant was repeatedly prescribed Paxil and Xanax for his depression and anxiety from August of 1999 through February of 2006.

The record on review must demonstrate that the ALJ considered all of the evidence. The ALJ is not, however, required to discuss every piece of evidence. But it is clear that, "in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." Clifton v. Chater, 79 F.3d 1007, 1009-1010 (10th Cir. 1996)(citations omitted). Since the ALJ relied in large measure upon Claimant's lack of pharmacological treatment for not finding a mental impairment, the ALJ's decision must be reversed and the matter remanded to Defendant for an evaluation of the severity of any mental impairment suffered by Claimant. Additionally, the ALJ is urged to consider ordering the diagnostic testing recommended by Dr. Green. This testing may only serve to confirm the nature and severity of any mental impairment from which Claimant suffers.

**Evaluation of Claimant's Credibility**

Claimant also contends the ALJ engaged in a flawed credibility analysis. This Court must first find that the ALJ's discrediting of Claimant's statement that he had been taking antidepressant medications for the prior eight years requires a reevaluation of

the ALJ's credibility analysis. As discussed herein, Claimant had clearly done so. Moreover, the ALJ appears to have discredited Claimant's testimony, at least in part, due to a lack of pain treatment. However, the record indicates Claimant suffered from severe bilateral ulnar neuropathies at the elbow related to his diabetes. (Tr. 165). As a result, Claimant received the medication Lodine to treat his neuropathy. (Tr. 182). Subsequently, Claimant received pain medication for the condition between 2004 and 2006, primarily from his treating physician, Dr. Muddasir A. Shah. (Tr. 311, 316, 325, 343).

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the

individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3. An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give reasons for the determination based upon specific evidence. Kepler, 68 F.3d at 391.

Given the ALJ's failure to accurately consider the evidence of antidepressants and pain treatment associated with Claimant's neuropathy, the matter must be remanded for further evaluation of Claimant's credibility. While the ALJ did consider many of the factors set forth in Soc. Sec. R. 96-7p, he must consider Claimant's testimony concerning his alleged limitations in light of the totality of the evidence.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is

9

**REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

DATED this 12th day of March, 2008.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE